# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERTO C. GONZALEZ,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-15-0031-I-1 |
| v. | |
| DEPARTMENT OF EDUCATION,<br>　　　　　Agency. | DATE: April 21, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence Berger, Esquire, Glen Cove, New York, for the appellant.

Shelley K. Shepherd, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The agency has filed a petition for review of the initial decision, which terminated the appellant's indefinite suspension, effective August 25, 2014. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was charged with one count of Cruelty to Child by Inflicting Injury and one count of Battery based on an incident that allegedly occurred in his home on January 25, 2014. *See* Initial Appeal File (IAF), Tab 8, Subtab 4e at 9-10 (misdemeanor complaint). A subsequent protective order concerning the appellant's minor child and wife was issued, which prohibited the appellant from owning or possessing a firearm. *See id.* at 19-20.

¶3 Effective June 29, 2014, the agency indefinitely suspended the appellant from his criminal investigator position due to "state criminal charges pending against [him]" and "inability to carry or possess a firearm." IAF, Tab 8, Subtabs 4b (indefinite suspension Standard Form 50), 4c (decision letter), 4e (notice of proposed indefinite suspension). The notice of proposed indefinite suspension stated that the indefinite suspension may remain in effect "until the conclusion of [the] criminal proceedings, or until there is sufficient evidence to either return [the appellant] to duty or to support an administrative action against [him]." IAF, Tab 8, Subtab 4e at 1. On August 25, 2014, the criminal charges

against the appellant were dismissed and the protective order was terminated. *See* IAF, Tab 9 at 8-12.[2]

¶4    In October 2014, the appellant filed a Board appeal challenging the continuation of the indefinite suspension beyond August 25, 2014. IAF, Tabs 1, 16.[3] The appellant waived his right to a hearing. IAF, Tab 14 at 3. The record closed on November 24, 2014. *See* IAF, Tab 13 at 2. The administrative judge issued an initial decision in which she reversed the agency's action and terminated the indefinite suspension, effective August 25, 2014, because the agency did not act within a reasonable period of time after the criminal charges were dismissed to initiate any adverse action against the appellant or restore him to duty. IAF, Tab 17, Initial Decision (ID). The administrative judge noted in the initial decision that: (1) as of the close of record date, the appellant's indefinite suspension had continued for an additional 82 days after the dismissal of the criminal charges; (2) the "basic facts" of the underlying criminal charges were known to the agency before August 25, 2014; (3) the agency had gathered additional information about the charges; and (4) the agency did not provide any explanation for the need for a protracted investigation. *See* ID at 9-11. The administrative judge thus found that the agency failed in its obligation to expeditiously consider whether it intended to proceed with an adverse action. *See* ID at 11-12.

¶5    The agency filed a petition for review and two supplements, the appellant filed a response, and the agency filed a reply. *See* Petition for Review (PFR) File, Tabs 1-4, 8. On petition for review, the agency asserts that it has new and material evidence, including a December 18, 2014 Report of Investigation (ROI)

---

[2] The criminal case was apparently dismissed because the prosecution was unable to find and serve the victim witnesses with trial subpoenas. *See* IAF, Tab 8, Subtab 4a at 1.

[3] The appellant expressly stated that he was not challenging the original imposition of the indefinite suspension. *See* IAF, Tab 16 at 4.

and a January 23, 2015 Notice of Proposed Removal, based on charges of Conduct Unbecoming a Federal Law Enforcement Officer (five specifications), Lack of Candor (three specifications), and Failure to Follow Instructions (one specification). *See* PFR File, Tabs 1, 3. The agency explains on review that, in the course of investigating the January 25, 2014 incident, it discovered "numerous additional indications of serious misconduct" by the appellant, including that he contacted his spouse "hundreds of times" in violation of the protective order, refused to provide witness contact information to agency investigators, changed his spouse's cell phone number, refused service of a State court subpoena to his spouse, and instructed his landlord not to respond to the agency subpoena. *See* PFR File, Tab 1 at 6. The agency contends that it "was not in a position to know of, and report to the Board" the complex investigation that was occurring simultaneously with the instant Board appeal, and that any such explanation would have compromised the agency's investigation. *Id.* at 10.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        The only issue before us is whether the administrative judge properly terminated the indefinite suspension on August 25, 2014, the day that the criminal charges against the appellant were dismissed. An agency may continue an indefinite suspension after resolution of criminal charges where the agency provides advance notice of possible administrative action in the suspension proposal or decision notice and takes action within a reasonable time of the conclusion of the criminal proceedings. *Camaj v. Department of Homeland Security*, 119 M.S.P.R. 95, ¶ 11 (2012). However, an agency must provide reinstatement to the date of the resolution of criminal charges in an appellant's favor if it fails to implement an adverse action within a reasonable time. *Id.*

¶7        We assume, for the purposes of our analysis, that the proposal notice placed the appellant on notice of possible administrative action. *See* IAF, Tab 8, Subtab 4e. Based on the agency's representations in its petition for review, this

case is similar to *Camaj* in that the agency's delay in initiating adverse action proceedings against the appellant appears to have been, at least in part, the result of the agency's decision to investigate additional alleged misconduct. *See Camaj*, 119 M.S.P.R. 95, ¶ 12. However, the Board held in *Camaj* that the time required for that further investigation did not itself warrant continuation of the indefinite suspension because the mere existence of an open agency investigation into alleged misconduct does not serve as cause for continuing a chapter 75 adverse action. *Id*. (citing *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 28 (2010)). Consistent with *Camaj*, 119 M.S.P.R. 95, ¶ 12, to determine if the agency were permitted to continue the indefinite suspension beyond August 25, 2014, we must determine whether the delay would have been reasonable had the agency instead elected to pursue an adverse action based solely on the conduct that formed the basis of the criminal charges.

¶8      The record reflects that the agency had considerable information pertaining to the January 25, 2014 incident before the November 24, 2014 close of record date. For instance, the agency investigator interviewed the appellant on September 10, 2014. *See* IAF, Tab 8, Subtab 4a at 2. As of October 29, 2014, the agency investigator stated that she had interviewed other witnesses and collected relevant documents, and she anticipated that the investigation would be completed "within the next couple of weeks." *Id.* The administrative judge indicated in the initial decision that the November 24, 2014 close of record date was selected, in part, so that it would be beyond the "couple of weeks" anticipated by the agency. *See* ID at 12 n.7.

¶9      Because the agency had considerable information about the January 25, 2014 incident before the close of record date, we agree with the administrative judge that an 82-day delay was not reasonable. *See, e.g.*, *Camaj*, 119 M.S.P.R. 95, ¶¶ 12-13 (a "nearly" 3-month delay between the resolution of the criminal charges and the agency's proposal notice was not reasonable); *Jarvis v. Department of Justice*, 45 M.S.P.R. 104, 111-12 (1990) (delay of 2½ months to

review files after the indictment was dismissed was not reasonable); *Hernandez v. Department of Justice*, 35 M.S.P.R. 669, 672-73 (1987) (delay of 60 days to issue a notice of proposed removal was not reasonable). The agency must therefore reinstate the appellant, effective August 25, 2014. *See Camaj*, 119 M.S.P.R. 95, ¶ 13.

¶10        We have considered the agency's evidence and argument on review, but a different outcome is not warranted. Regarding the ROI, to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). There is considerable information contained in the ROI related to the January 25, 2014 incident that was known to the agency before the close of the record. *See, e.g.*, PFR File, Tab 1, Attachments 1-4, 8, 17-18, 26, 32 (the appellant's arrest warrant, misdemeanor complaint, protective order, the appellant's response to the notice of proposed indefinite suspension (which included a statement from his wife and another witness), memoranda regarding interviews with Deputy C.Q. and Detective C.V., photos of injuries, and notes from the appellant's September 10, 2014 interview). The other information in the ROI appears related to the additional acts of misconduct allegedly committed by the appellant. As discussed above, this information has no bearing on the relevant matters and our decision in this matter. *See Camaj*, 119 M.S.P.R. 95, ¶ 12; *see also supra*, ¶ 7. Similarly, the agency's decision to propose the appellant's removal, although technically "new" evidence, does not alter our assessment of the propriety of the continuation of the indefinite suspension after the dismissal of the criminal charges. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Finally, to the extent that the agency contends that it "was not in a position to know of, and report to the Board" the complex investigation that was occurring simultaneously with the instant Board appeal, and that any such explanation would have compromised the

agency's investigation, *see* PFR File, Tab 1 at 10, these arguments do not warrant a different outcome. As a result, we affirm the administrative judge's reversal of the continuation of the indefinite suspension beyond August 25, 2014.

## ORDER

¶11      We ORDER the agency to terminate the indefinite suspension and to restore the appellant effective August 25, 2014. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶12      We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13      We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14      No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶15    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT
### REGARDING YOUR RIGHT TO REQUEST
### COMPENSATORY DAMAGES

You may be entitled to be paid by the agency for your compensatory damages, including pecuniary losses, future pecuniary losses, and nonpecuniary losses, such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.  To be paid, you must meet the requirements set out at 42 U.S.C. § 1981a.  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.204.  If you believe you meet these requirements, you must file a motion for compensatory damages WITHIN 60 CALENDAR DAYS OF

THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.



| | **DFAS CHECKLIST** |
| --- | --- |
| | **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63)
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.